1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   TONY VASQUEZ,                          No.  1:19-cv-00811-DAD-SKO

12              Petitioner,

13        v.                                ORDER ADOPTING FINDINGS AND
                                            RECOMMENDATIONS AND DENYING
14   WILLIAM SULLIVAN,                      WRIT OF HABEAS CORPUS

15              Respondent.                 (Doc. No. 21)

16

17

18        Petitioner Tony Vasquez is a state prisoner proceeding *pro se* and *in forma pauperis* with

19   a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  (Doc. Nos. 1, 6.)  The matter

20   was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local

21   Rule 302.

22        On December 17, 2019, the assigned magistrate judge issued findings and

23   recommendations, recommending that each of petitioner's ten claims for federal habeas relief be

24   rejected.  (Doc. No. 21.)  The pending findings and recommendations were served on petitioner

25   with notice that any objections thereto were to be filed within thirty (30) days of service.  (*Id.* at

26   60.)

27        On January 21, 2020, the petitioner's objections were timely docketed.  (Doc. No. 22.)

28   Therein, petitioner objected categorically to, and denies as untrue, the sections of the findings and

1

1   recommendations addressing his claims regarding:  1) pretrial identification; 2) instructional

2   error; 3) ineffective assistance of counsel; 4) bifurcation; 5) admission of evidence; 6)

3   prosecutorial misconduct; 7) exclusion of evidence; 8) sentencing error; and 9) insufficiency of

4   the evidence.  (*Id*. at 1–2.)  Petitioner did not specifically object to the tenth section of the

5   findings and recommendations addressing cumulative error.  Petitioner further objects on the

6   basis that the findings and recommendations did not "address the Due Process rights under CA.[]

7   Const. Art. 1 Sec. 32(a)(2)," which he asserts eliminates the three-strikes law or any

8   enhancements, such as those based upon gang or prior prison terms, and should be applied

9   retroactively to his sentence.  (*Id*. at 2–4.)

10          Article 1, section 32(a)(2) of the California Constitution[1] cited by petitioner describes the

11   ability of the Department of Corrections and Rehabilitation to award credits for good behavior as

12   well as for participation in approved rehabilitative or educational programming.  The section was

13   added by the Public Safety and Rehabilitation Act of 2016, which amended California's parole

14   system to conform with the process which had been implemented by order of a three judge panel

15   in the joined cases of *Coleman v. Brown* and *Plata v. Brown*, No. 2:90-cv-0520-LKK-DAD (PC)

16   that required California to reduce its prison population.  *See* Laurie Levenson & Judge Alex

17   Ricciardulli, *Proposition 57: Public Safety and Rehabilitation Act of 2016*, Cal. Crim. Pro. § 31:7

18   (Dec. 2020); Nonviolent Offender Parole Review Process for Determinately-Sentenced Inmates,

19   Cal. Dep't of  Corrections and Rehabilitation, https://www.cdcr.ca.gov/bph/nvopr-overview/ (last

20   visited Jan. 19, 2021).  Petitioner appears to argue that this section of the California Constitution

21   requires a change to his sentence.  (Doc. No. 22 at 3–4.)  However, this section does not apply to

22   sentencing, it instead functions to expand the availability of early release to include those serving

23   time for nonviolent felony offenses in the California state prison system.  Cal. Const. art. I,

24   § 32(a)(1).  Because this has no bearing on the pending claims and raises no constitutional or

25   ─────────────
     [1]  This section provides: "SEC. 32. (a) The following provisions are hereby enacted to enhance
26   public safety, improve rehabilitation, and avoid the release of prisoners by federal court order,
     notwithstanding anything in this article or any other provision of law: . . . (2) Credit Earning: The
27   Department of Corrections and Rehabilitation shall have authority to award credits earned for
     good behavior and approved rehabilitative or educational achievements." Cal. Const. Art. I, sec.
28   32(a)(2).

1    federal issue that requires a different result, the pending petition for federal habeas relief must be

2    denied.

3         In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a

4    *de novo* review of this case.  Having carefully reviewed the entire file, the court concludes that

5    the findings and recommendations are supported by the record and proper analysis.

6         Having found that petitioner is not entitled to habeas relief, the court now turns to whether

7    a certificate of appealability should issue.  Rule 11 of the Rules Governing Section 2254 Cases

8    requires that a district court issue or deny a certificate of appealability when entering a final order

9    adverse to a petitioner.  *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d

10    1268, 1270 (9th Cir. 1997).  A prisoner seeking a writ of habeas corpus has no absolute

11    entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under

12    certain circumstances.  28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003).

13    The court may only issue a certificate of appealability when "the applicant has made a substantial

14    showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial

15    showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that

16    matter, agree that) the petition should have been resolved in a different manner or that the issues

17    presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529

18    U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).  Here, petitioner

19    has not made such a showing.  Therefore, the court declines to issue a certificate of appealability.

20    Accordingly,

21        1.  The findings and recommendations issued on December 17, 2019 (Doc. No. 21) are

22            adopted in full;

23        2.  The petition for writ of habeas corpus (Doc. No. 1) is dismissed;

24        3.  The court declines to issue a certificate of appealability; and

25        4.  The Clerk of the Court is directed to close this case.

26    IT IS SO ORDERED.

27      Dated:   **January 19, 2021**                         

28                                    UNITED STATES DISTRICT JUDGE